ATTORNEYS FOR APPELLANT
Patricia M. Logue
Lambda Legal Defense and Education Fund, Inc.
Chicago, Illinois

Barbara J. Baird
Law Office of Barbara J. Baird
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Steve Carter
Attorney General of Indiana

Frances H. Barrow
Deputy Attorney General
Indianapolis, Indiana

_____

## In the
## Indiana Supreme Court

_____

No. 49A05-0507-CV-395

IN RE THE ADOPTION OF M.W.

MORGAN COUNTY OFFICE OF FAMILY
AND CHILDREN,                                                    *Appellant,*

v.

R.K.H. AND K.A.B.,                                               *Appellees.*

_____

Appeal from the Marion Superior Court, No. 49D08-0501-AD-3279
The Honorable Charles J. Deiter, Judge

_____

**August 3, 2006**

**Dickson, Justice, dissenting from denial of transfer**

By declining to accept transfer of this case, this Court is missing a valuable opportunity to address and resolve important questions left undecided in our recent decision in King v. S.B., 837 N.E.2d 965 (Ind. 2005). The appellant here is seeking transfer following a 2-1 decision of a panel of the Court of Appeals that approved the eligibility of a same-sex couple to adopt a child. In re Infant Girl W., 845 N.E.2d 229

(Ind. Ct. App. 2006). When a related controversy was before us in <u>King</u>, this Court issued a narrow decision permitting further consideration of a lawsuit filed by a former same-sex domestic partner seeking the equivalent of adoption rights to a child born of her former partner. The majority declined to consider the dissent's reasoning that existing Indiana statutory adoption law prevails over court-made common law; that judicial decisions should not intrude into the legislature's prerogative to determine public policy on social issues; and that the judiciary should not advance special policy interests that are contrary to the public policy demonstrably favored by Indiana citizens. <u>King</u>, 837 N.E.2d at 967-72 (Dickson, J., dissenting).

The majority opinion in <u>King</u> did not reject the points asserted by the dissent, but instead left them unresolved, stating: "We do not deem ourselves to have decided the various legal issues raised by the dissent." *Id.* at 967. Accentuating this point, Chief Justice Shepard's brief separate concurring opinion emphasized:

> I write separately only to highlight what the majority has already said about the limited nature of today's ruling, which I see as far more modest than my friend Justice Dickson suggests. Whether any element of King's claims will be legally sustainable remains
> an open question for resolution after a hearing on the merits.

*Id.*[1]

In the present case, the majority opinion of the Court of Appeals panel declares in part that "the primary question we must resolve is . . . whether the Indiana Adoption Act permits an unmarried couple—any unmarried couple, regardless of gender or sexual orientation—to file a joint petition for adoption." <u>Infant Girl W.</u>, 845 N.E.2d at 233 (footnote omitted). Dissenting, Judge Najam emphasizes that Indiana adoption law "is entirely statutory" and that adoption was entirely unknown under the common law. *Id.* at

---

[1] There was no subsequent hearing on the merits. Two months after our opinion was issued remanding the cause to the trial court, the plaintiff, Dawn King, voluntarily dismissed her complaint for declaration of status as a co-parent. Monroe Circuit Court 53C07-0310-0JP-613 entries of January 31, 2006 (motion filed) and February 1, 2006 (motion granted).

247. He points to a 2005 amendment to Indiana adoption law that he urges "validates" the reasoning in the <u>King</u> dissent and compels the conclusion that the legislature "intended to preclude unmarried couples from filing joint petitions to adopt." *Id.* at 249, 250. Judge Najam believes that the majority opinion in <u>Infant Girl W.</u> "guts the amendment and renders it useless." *Id*. at 250. He persuasively concludes that "[t]he terms and conditions of adoption represent policy decisions vested in the legislature" and that it is the legislature's prerogative to determine "whether an unmarried couple may adopt," and that the Indiana legislature has clearly "exercised its right to determine that the parents in an adoption must be married to each other." *Id.* at 251.

This Court, as Indiana's court of last resort, should accept jurisdiction and resolve the important issues expressly left unresolved in <u>King</u>, particularly in light of the recent statutory enactment and the reasoning of Judge Najam's dissent. Of course, our denial of transfer does not constitute approval of the Court of Appeals decision and has "no legal effect other than to terminate the litigation between the parties in the Supreme Court." Ind. Appellate Rule 58(B). But by denying transfer in this case, we are missing a valuable and important opportunity to minimize uncertainty and confusion until such time as the legislature provides explicit superceding reclarification.

I would prefer for this Court to grant transfer to uphold the legislature's exclusive authority to regulate adoption eligibility and procedure and to apply Indiana's existing adoption statutes as prohibiting adoptions by unmarried couples. I thus respectfully dissent from denial of transfer.